IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL KIRK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 15-cv-833 |
| | § | |
| INVESCO, INC., INVESCO, LTD., AND | § | |
| INVESCO ADVISERS, INC. | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Cheryl Kirk ("Kirk" or "Plaintiff"), and complains of Invesco, Inc., Invesco, Ltd., and Invesco Advisers, Inc. (collectively "Invesco" or "Defendant"), and for her cause of action would respectfully show the Court as follows:

### I. SUMMARY

1. Invesco violates the Fair Labor Standards Act by misclassifying Kirk as an exempt employee and failing to pay her for the time she works over 40 hours per week.

### II. PARTIES

2. Plaintiff Cheryl Kirk is an individual residing in Montgomery County, Texas.

3. Defendant Invesco, Inc. has a principal place of business in Harris County, Texas. Invesco, Inc. does not maintain an agent for service of process in Texas although Defendant does business in Texas. Therefore, Invesco, Inc. may be served under Texas' Long-Arm statute. *See* TEX. CIV. PRAC. & REM. CODE § 17.042 *et seq*. Invesco, Inc. may also be served with process through an administrator, agent, or officer at 11 Greenway Plaza, #1000, Houston, Texas 77046, or 1555 Peachtree Street, N.E., Suite 1800, Atlanta, Georgia 30309.

1

4. Defendant Invesco, Ltd. has a principal place of business in Harris County, Texas. Invesco, Ltd. does not maintain an agent for service of process in Texas although Defendant does business in Texas. Therefore, Invesco, Ltd. may be served under Texas' Long-Arm statute. *See* TEX. CIV. PRAC. & REM. CODE § 17.042 *et seq*. Invesco, Ltd. may also be served with process through an administrator, agent, or officer at 11 Greenway Plaza, #1000, Houston, Texas 77046, or 1555 Peachtree Street, N.E., Suite 1800, Atlanta, Georgia 30309.

5. Defendant Invesco Advisers, Inc. has a principal place of business in Harris County, Texas. Invesco Advisers, Inc. may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III. NATURE OF ACTION

6. This is an action filed under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. to recover unpaid wages and other damages owed by Invesco to Kirk.

### IV. JURISDICTION AND VENUE

7. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

8. Venue of this action is proper in this district and division under 28 U.S.C. § 1391(b)(1) and (b)(2) because Invesco has a principal place of business in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Kirk's claims occurred in the Houston Division of the Southern District of Texas.

### V. FACTUAL BACKGROUND

9. Kirk began working for Invesco in September 2010, initially on a contract basis.

10. She was hired by Invesco as an employee effective April 15, 2011, and is still employed by Invesco.

11. Throughout her entire employment with Invesco, Kirk has held the position titled IT Training Manager.

12. However, during the relevant time period (at least the past three years), Kirk did not perform job duties of a manager, and the mere fact that her job title has the term "manager" in it is irrelevant.

13. Kirk's job duties primarily include scheduling and registering employees for IT classes, monitoring self-paced training, and conducting training.

14. The training materials that Kirk creates and uses are established and/or controlled by other Invesco employees.

15. Kirk's job duties are dictated by Invesco's established guidelines.

16. Kirk exercises no, or very little, independent judgment or discretion relating to her job duties.

17. Kirk periodically supervises one employee who is based in India; however, Kirk does not determine that employee's compensation.

18. There have also been time periods where Kirk had no employees working under her.

19. Unlike other managers or exempt employees of Invesco, Kirk has never been provided with a corporate credit card.

20. Unlike other managers or exempt employees of Invesco, Kirk was never provided with a company blackberry or other smart phone.

21. Unlike other managers or exempt employees of Invesco, Kirk does not get a manager's parking spot.

22. Unlike other managers or exempt employees of Invesco, Kirk is not permitted to travel significantly to other offices.

23. Unlike other managers or exempt employees of Invesco, Kirk has not received significant manager's training.

24. Kirk does not participate in several Invesco meetings intended for managers.

25. Kirk has no ability to fire or hire employees.

26. Kirk does not have a college degree.

27. Kirk earns less than $100,000 per year.

28. Kirk generally works approximately 60 hours or more per week.

29. Kirk worked most weekends, especially before the employee in India was hired.

30. Kirk often works from home.

31. Documents and other evidence that may support the amount of time that Kirk works may be contained on her work computer and/or work email.  For example, Invesco can obtain the time periods she logged-in and logged-out of her computer.  It can also obtain the first email and last email she sent each day.

32. Kirk can also personally testify regarding the amount of time she works.

33. Invesco is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. § 203(b), (r).

34. Invesco is an employer as defined by the FLSA.  29 U.S.C. § 203(d).

35. Invesco has annual gross business of over $500,000.

36. Invesco employed Kirk at all relevant times within the meaning of the FLSA for the three years prior to the filing of this lawsuit. 29 U.S.C. § 203(g).

37. In performing her duties for Invesco, Kirk has been engaged in commerce or in the production of goods for commerce.

38. Invesco customarily and regularly worked many hours in excess of forty hours per week.

39. Kirk primarily performs non-exempt duties.

40. Kirk is paid a fixed salary per week.

41. Kirk was entitled to overtime at one-and-one-half times her regular rate of pay for all hours worked in excess of forty in a workweek.  Invesco fails to pay Kirk for this overtime.

42. Kirk's compensation as an Invesco employee is only intended to cover her for working 37.5 hours per week; however, she is obligated to actually work several additional hours per week.  Invesco knows she worked several more hours per week yet does not adjust her compensation accordingly.  Therefore, her hourly rate is to be calculated based on a 37.5-hour workweek, and she is still owed time-and-a-half for all hours worked over 40 per week.  *See Black v. Settlepou, P.C.*, 732 F.3d 492, 497 – 500 (5th Cir. 2013) (5th Cir. 2013).

43. Invesco's practices of failing to pay overtime compensation violate the FLSA.

44. Invesco knew or showed reckless disregard for whether its actions violated the FLSA.

45. Invesco did not act in good faith in attempting to comply with the FLSA.

46. Invesco willfully violated the FLSA.

47. Invesco also failed to keep wage and time records in accordance with the FLSA's record keeping requirements. 29 C.F.R. § 516.2.  Specifically, Invesco failed to maintain the number of hours worked per week by Kirk.

## VI.  CAUSE OF ACTION – FLSA VIOLATION

48. Kirk hereby incorporates, by reference, the preceding paragraphs as if fully set forth herein.

49. Invesco has an obligation to pay Kirk at a rate of one and one-half times her regular rate of pay for all hours she worked in excess of forty in a given workweek.

50. Kirk has been a non-exempt employee at least from April 2011 to the present; however, Invesco misclassified Kirk as an exempt employee during that time period, and it, therefore, owes her compensation for the overtime she worked.

51. Kirk also seeks, and is entitled to recover, liquidated damages on her claims under the FLSA. *See* 29 U.S.C. § 216(b). There is no reasonable basis for Invesco to believe Kirk was exempt under the FLSA. Invesco did not act in good faith when failing to pay Kirk in accordance with the requirements of the FLSA.

52. Invesco also willfully violated the FLSA and/or showed reckless disregard when attempting to comply with the FLSA. Therefore, Kirk is entitled to overtime for at least three years[1] from the date this lawsuit is filed.

53. Kirk is also entitled to recover attorney's fees because of Invesco's FLSA violation. *See* 29 U.S.C. § 216(b).

## VII.  JURY DEMAND

54. Kirk demands a trial by jury.

## VIII.  DAMAGES

55. As a result of the above mentioned actions, Kirk seeks the following damages:

   a. Unpaid overtime wages, as provided under the FLSA;

   b. Liquidated damages under the FLSA;

   c. Reasonable and necessary attorneys' fees;

   d. Court costs;

   e. An order requiring Invesco to pay Kirk overtime on a going-forward basis;

   f. Prejudgment and post-judgment interest.

## IX.  PRAYER

Wherefore, premises considered, Kirk respectfully prays that Invesco be cited to appear and answer herein and that upon a final hearing of this action, judgment be entered for Kirk against Invesco for damages in an amount within the jurisdictional limits of this Court, which shall include

---

[1] Prior to the filing of this lawsuit, the parties had entered into a tolling agreement that extends the time period.

all above mentioned damages and any other relief, at law or in equity, to which Kirk may be entitled.

Respectfully submitted,

Dated: March 31, 2015                                  SUD LAW P.C.


                                            */s/ Nitin Sud*
                                            Nitin Sud
                                            State Bar No. 24051399
                                            Federal ID No. 611307
                                            6750 West Loop South
                                            Suite 920
                                            Bellaire, Texas 77401
                                            Phone: 832-623-6420
                                            Fax: 832-304-2552
                                            Email: nsud@sudemploymentlaw.com

                                        Attorney for Plaintiff