IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL KIRK, | § § | |
| Plaintiff, | § | CIVIL ACTION NO. 15-CV-833 |
| | § | |
| v. | § § | |
| INVESCO, LTD, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

DEFENDANT INVESCO LTD.'S RESPONSE TO
PLAINTIFF'S OBJECTIONS TO MEMORANDUM AND RECOMMENDATION

## **TABLE OF CONTENTS**

I. SUMMARY OF THE ARGUMENT ................................................................................ 1

II. NATURE AND STAGE OF THE PROCEEDING ......................................................... 2

III. STATEMENT OF ISSUES TO BE RULED ON BY THE COURT ............................... 2

IV. ARGUMENT AND AUTHORITIES ............................................................................... 3

    A. The Recommendation found correctly that Kirk has not brought forth any evidence to create a genuine issue of material fact to preclude summary judgment ................................................................................................................. 3

    B. The Recommendation relies on binding Fifth Circuit precedent .......................... 7

    C. Magistrate Judge Johnson correctly concluded that Kirk did not meet her burden of proving overtime work as a matter of just and reasonable inference ................................................................................................................ 8

    D. Kirk's ancillary requests should be denied because they are untimely attempts to get another bite at the apple that are inappropriate at this stage ....... 10

        1. Kirk's re-urged request for login data should be denied ......................... 11

        2. Invesco complied with Magistrate Judge Johnson's order concerning Kirk's computer, and the form of Kirk's computer Invesco produced does not require refusing to adopt Magistrate Judge Johnson's Recommendation ....................................................... 12

    E. Kirk's "additional specific objections" should be overruled .............................. 14

V. CONCLUSION ................................................................................................................ 15

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Allstate Ins. Co. v. Plambeck,*
 No. 3:08-cv-388-M-BD, 2012 U.S. Dist. LEXIS 81599 (N.D. Tex. Jan. 4, 2012) ................... 3

*Anderson v. Mt. Clemens Pottery Co.,*
 328 U.S. 680 (1946) .......................................................................................................... passim

*Dixon v. First Choice Messengers, Inc.,*
 No. 4:14-cv-2895, 2016 U.S. Dist. LEXIS 24728 (S.D. Tex. 29, 2016) ................................ 9

*Fairchild v. All Am. Check Cashing, Inc.,*
 815 F.3d 959 (5th Cir. 2016) ............................................................................................. passim

*Ihegword v. Harris Cnty. Hosp. Dist.,*
 555 F. App'x 372 (5th Cir. 2014) ..................................................................................... 7, 9

*Johnson v. Big Lots Stores, Inc.,*
 604 F. Supp. 2d 903 (E.D. La. 2009) ..................................................................................... 8

*Johnson v. Heckmann Water Res. (CVR) Inc.,*
 758 F.3d 627 (5th Cir. 2014) .............................................................................................. 2, 8

*Miller v. Team Go Figure, L.L.P.,*
 No. 3:13-cv-1509-O, 2014 U.S. Dist. LEXIS 65425 (N.D. Tex. May 13, 2014) ................. 12

*Moran v. Al Basit LLC,*
 788 F.3d 201 (6th Cir. 2015) ................................................................................................. 8

*Oti v. Green Oaks SCC, LLC,*
 No. 4:13-cv-816-A, 2015 U.S. Dist. LEXIS 8629 (N.D. Tex. Jan. 23, 2015) ..................... 10

*Rosales v. Lore,*
 149 F. App'x 245 (5th Cir. 2005) .......................................................................................... 7

*Samson v. Apollo Res., Inc.,*
 242 F.3d 629 (5th Cir. 2001) ......................................................................................... 2, 3, 4

**STATUTES**

Fair Labor Standards Act ............................................................................................... 3, 4, 14

**OTHER AUTHORITIES**

FED. R. CIV. P. 72 ............................................................................................................ 3, 12, 13

Fed. R. Civ. P. 72(a) ...........................................................................................................1, 12

FED. R. CIV. P. 72(b) ...............................................................................................................10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL KIRK, | § § | |
| Plaintiff, | § | CIVIL ACTION NO. 15-CV-833 |
| | § | |
| v. | § § | |
| INVESCO, LTD, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

### DEFENDANT INVESCO LTD.'S RESPONSE TO
### PLAINTIFF'S OBJECTIONS TO MEMORANDUM AND RECOMMENDATION

Defendant Invesco Ltd. (Invesco) responds to Plaintiff Cheryl Kirk (Kirk)'s Objections to the Magistrate's Memorandum and Recommendation (Recommendation) and shows as follows:

### I.
### SUMMARY OF THE ARGUMENT

Kirk has brought this suit alleging that her former employer, Invesco, misclassified her as an exempt employee. Kirk contends this court should not adopt the Recommendation because the Magistrate Judge's order issued on February 11, 2016 prevented her from obtaining more detailed time records to establish her case. A party must serve and file objections within 14 days after being served with an order on a nondispositive matter. Fed. R. Civ. P. 72(a). A party may not assign an error on a defect in an order to which it did not timely object. *d.* Kirk did not file any objections to the Magistrate's order on the discovery issue and cannot now make any objections to the court's order at this time. Therefore, the court should not consider this as a basis to reject the magistrate's order.

Moreover, Kirk alleges that the Recommendation violates Supreme Court law, which is simply incorrect. The Recommendation relies on recent Fifth Circuit precedent that cites to Supreme Court law that states that Kirk bears the burden to prove that she is entitled to uncompensated overtime. *Johnson v. Heckmann Water Res. (CVR) Inc.*, 758 F.3d 627, 630 (5th Cir. 2014); *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001). The court correctly concluded Kirk has not met her burden of presenting evidence showing a genuine issue of material fact as to whether she worked more than forty hours in any workweek and has not met her burden of proving the amount and extent of any such work as a matter of just and reasonable inference. Kirk's objections fail to demonstrate that the court's legal analysis and reasoning are incorrect or that Kirk's claims should survive summary judgment. The Court should therefore adopt Magistrate Judge Johnson's Recommendation.

## II.
## NATURE AND STAGE OF THE PROCEEDING

Plaintiff Cheryl Kirk filed this lawsuit alleging Invesco misclassified her as exempt from the Fair Labor Standards Act overtime provisions and failed to pay her overtime. Kirk filed a motion for partial summary judgment. Invesco filed a motion for summary judgment on all of Kirk's claims. On May 4, 2016, Magistrate Judge Johnson issued a Memorandum and Recommendation ("Recommendation") recommending that Invesco's motion for summary judgment be granted and Kirk's be denied. *See* Dkt. 60. Kirk objected to Magistrate Judge Johnson's Recommendation on May 13, 2016. *See* Dkt. 64.

## III.
## STATEMENT OF ISSUES TO BE RULED ON BY THE COURT

The issue to be ruled on by the Court is whether to adopt the court's Recommendation that Invesco's Motion for Summary Judgment be granted and Kirk's motion for partial summary judgment be denied.

2

## IV.
## ARGUMENT AND AUTHORITIES

As a preliminary matter, Kirk may not "incorporate all facts and arguments previously asserted in her summary judgment briefings." Plaintiff's objection, p. 1. The issues here should be limited to those addressed in Magistrate Judge Johnson's Recommendation to which Kirk has served and filed specific objections. *See Allstate Ins. Co. v. Plambeck*, No. 3:08-cv-388-M-BD, 2012 U.S. Dist. LEXIS 81599, at *28 (N.D. Tex. Jan. 4, 2012)[1] ("In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific."). To the extent that Kirk has not specifically objected to the Recommendation, those arguments are waived. FED. R. CIV. P. 72.

**A. The Recommendation found correctly that Kirk has not brought forth any evidence to create a genuine issue of material fact to preclude summary judgment.**

The Recommendation specifically cited to Fifth Circuit precedent that is binding for this case. *See* Dkt. 64 at 5. Citing Fifth Circuit precedent, the court first recognized—appropriately—that "[a]n FLSA plaintiff bears the burden of proof on elements of her claim" and that "[a]n employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that she has performed work for which she alleges she was not compensated." *See* Dkt. 60 at 7 (citing *Johnson; Samson v. Apollo Res. Inc.*, 242 F.3d 629, 636 (5th Cir. 2001). Kirk does not deny that this precedent is binding on the court. The court further cited Fifth Circuit precedent expressly citing *Mt. Clemens* and setting forth the *Mt. Clemens* framework:

---

[1] Attached as Exhibit 1.

3

> A plaintiff may rely on the employer's records if they are "proper and accurate" or, if the records are "inaccurate or inadequate," may produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." If the plaintiff carries her burden, the burden shifts to the employer to produce either "evidence of the precise amount of work performed" or evidence that counters the reasonableness of drawing an inference in favor of the plaintiff. The employer's failure to meet the shifted burden results in an award of damages to the plaintiff, even if the amount of the award is only approximate.

*See id.* at 7–8 (internal citations omitted).

Appropriately recognizing that Kirk bears the burden of proof as a plaintiff seeking to recover overtime under the FLSA, the court correctly applied Fifth Circuit precedent. Although the court found that Invesco's records reflecting Kirk's hours worked (including those where Kirk reported working more than 40 hours) were inadequate and inaccurate based largely on Kirk's own testimony, the court appropriately recognized that, Kirk "bears the burden of producing 'sufficient evidence to show the amount and extent of her work as a matter of just and reasonable inference.'" *See id.* at 10–13. Specifically, the court recognized that in recent Fifth Court precedent, the Fifth Circuit found that the district court did not clearly err in finding that the plaintiff failed to produce sufficient evidence she worked any overtime when she deliberately failed to report time in violation of her employer's policies. *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 963-964 (5th Cir. 2016). The court in *Fairchild* found "unsubstantiated assertions speculated from memory" were not enough to sustain an overtime claim.

The court considered all of the evidence submitted by Kirk in response to Invesco's Motion for Summary Judgment and correctly concluded that Kirk failed to meet her burden of proof: "[Kirk's] snapshots of hours worked on a few days and her mother's observations of [Kirk] on unspecified evenings and mornings does not lead to a just and reasonable inference that [Kirk] worked more than forty hours during any week of her employment." *See id.* at 19. In concluding that Kirk failed to produce sufficient evidence that she worked more than 40 hours

4

during any week as a matter of just and reasonable inference, the court appropriately found that:

- Kirk's email list, which Kirk submitted as purported evidence of hours worked, reflected total numbers of hours for each set of consecutive days that "did not even come close to forty hours, a weekly prerequisite for working overtime" and that Kirk admitted that "knowing when the first and last emails were sent would not account for breaks, lunch, doctor appointments, and any other periods when she was not working during the day." *See id.* at 16–17.

- The GPS timelines "hardly suggest that [Kirk] worked more than forty hours in any given week" and that given that the email lists and GPS timelines cover only 9 out of 185 weeks Kirk claims are relevant, "[n]o reasonable jury could draw the conclusion from this evidence that [Kirk] worked sixty hours per week on average." *See id.* at 16–17.

- Nancy Kirk's deposition testimony "lacks the specificity necessary to determine when those hours [i.e., hours Kirk worked outside of normal business hours and away from the office] may have put her over forty hours in any given week" and "[t]o extrapolate that [Kirk] worked any overtime, much less twenty hours of overtime per week, from Nancy's testimony is purely to speculate." *See id.* at 19.

This purported evidence fails show that Kirk worked more than 40 hours in any week. It also fails to substantiate Kirk's own speculative testimony that she worked more than 40 hours in any given week, even as a matter of just and reasonable inference. Indeed, the court noted specifically with respect to the email list and GPS timelines that "[n]o reasonable jury could draw the conclusion from this evidence that [Kirk] worked 60 hours per week on average" and further concluded that Kirk's "snapshots of hours worked on a few days and her mother's observations of [Kirk] on unspecified evenings and mornings does not lead to a just and reasonable inference that [Kirk] worked more than forty hours during any week of her employment."[2] *See id.* at 17, 19.

Because Kirk failed to meet her burden, the burden never shifted to Invesco to produce evidence "of the precise amount of work performed or . . . evidence to negative the reasonableness of the inference drawn from [Kirk's] evidence." *See Anderson v. Mt. Clemens*

---

[2] The court also correctly noted that Kirk was "unable even to verify the accuracy of the few sixty-plus-hour weeks (nine out of 112) that she did report" and that Kirk "did not submit her calendar or any evidence of hours worked based on documentation in her calendar." *See* Dkt. 60 at 12, 14.

*Pottery Co.*, 328 U.S. 680, 687–88 (1946). Even if the burden did shift back to Invesco (which it did not), Kirk's own testimony negates the reasonableness of any inference to be drawn from her purported "evidence": as Magistrate Judge Johnson noted, Kirk admitted "that knowing when the first and last emails were sent would not account for breaks, lunch, doctor appointments, and any other periods when she was not working during the day." *See* Dkt. 60 at 17. Likewise, despite Kirk's contention that she "has been restricted by the Court" from producing evidence of hours worked in the form of login records (which she has not), Kirk even admitted that login records would not account for any breaks that she took. *See* Dkt 43-2 at 218:3–7.

Additionally, Kirk cannot now attempt to rely on Invesco's time records to claim a fact question exists on her time worked. *See* Dkt. 64 at 6. Kirk has maintained throughout this litigation that Invesco's time records are inaccurate and do not reflect time actually worked, and The court has suggested as much, even regarding records where Kirk reported working more than 40 hours in a week. *See* Dkt. 60 at 10–13. It is Kirk's burden to present evidence of overtime worked to defeat summary judgment, and she has not. Additionally, simply because Invesco had "access" to the records where Kirk was required to report her time not mean Invesco had constructive knowledge of any alleged overtime worked, and Kirk has presented no evidence Invesco had any such knowledge. *See* Dkt. 64 at 11; *Fairchild*, 815 F.3d at 965.

The court appropriately applied binding Fifth Circuit precedent in recommending that Invesco's Motion for Summary Judgment be granted and that Plaintiff's motion be denied. Kirk has not shown that she worked more than 40 hours in any week, and as Magistrate Judge Johnson correctly concluded, Kirk's evidence "does not lead to a just and reasonable inference that [Kirk] worked more than forty hours during any week of her employment." *See* Dkt. 60 at

6

19. Accordingly, Kirk's objections to Magistrate Judge Johnson's Recommendation should be overruled.

**B.      The Recommendation relies on binding Fifth Circuit precedent.**

Kirk claims that the cases Magistrate Judge Johnson cites in the Recommendation do not apply to this case, but Kirk offers no persuasive argument or authority establishing that Magistrate Judge Johnson erred in relying on those cases. Indeed, in both *Ihegword v. Harris County Hospital District* and *Rosales v. Lore*, the Fifth Circuit applied the *Mt. Clemens* standard, which Kirk argues applies here. *See Ihegword v. Harris Cnty. Hosp. Dist.*, 555 F. App'x 372, 374–75 (5th Cir. 2014); *Rosales v. Lore*, 149 F. App'x 245, 246 (5th Cir. 2005). Kirk's objection that these cases do not apply should be overruled.

In *Fairchild v. All American Check Cashing*, the Fifth Circuit confirmed, among other things, that the employee must "prove that she had in fact worked overtime during this period and had not been paid for it." *See Fairchild*, 815 F.3d at 965. The Fifth Circuit also recognized that the district court did not clearly err in holding that an employer's mere "access" to records the plaintiff claimed were relevant to time worked is insufficient for imputing constructive knowledge of overtime work to the employer. *See Fairchild*, 815 F.3d at 965. Here, Kirk has not proven that she worked overtime hours for which she was not paid. Additionally, Kirk contends Invesco's time records are inadequate and inaccurate (and Magistrate Judge Johnson agreed), and simply because Invesco had "access" to those records does not mean Invesco had constructive knowledge of any alleged overtime worked. *See* Dkt. 64 at 11; *Fairchild*, 815 F.3d at 965. Accordingly, Kirk's objection that *Fairchild* does not apply should be overruled.

As noted above, Kirk has not met her burden at the summary judgment stage of producing evidence of overtime worked, the cases Magistrate Judge Johnson cited are applicable,

7

and the cases Kirk cites do not change that.[3] And contrary to Kirk's hypothetical, nothing in the Recommendation indicates that a misclassification plaintiff would be universally precluded from recovering damages under any of the cases cited in the Recommendation. Kirk's objections should therefore be overruled.

C.  **Magistrate Judge Johnson correctly concluded that Kirk did not meet her burden of proving overtime work as a matter of just and reasonable inference.**

As Magistrate Judge Johnson correctly recognized, Kirk was required to produce at the summary judgment stage "competent summary judgment evidence to raise a fact issue on whether she worked more than forty hours in any week during her employment." See Dkt. 60 at 4–5. Whether Kirk intended for her "evidence" of hours worked to be mere "examples," does not lower Kirk's burden: she still was required to produce—at the summary judgment stage— "competent summary judgment evidence to raise a fact issue on whether she worked more than forty hours in any week during her employment." See id.

In concluding that Kirk failed to meet her burden, Magistrate Judge Johnson properly weighed Kirk's evidence under binding Fifth Circuit precedent and correctly concluded that Kirk failed to meet her burden of proving the amount and extent of any overtime work as a matter of just and reasonable inference. See id. at 7–8, 19. As noted above, in concluding that Kirk failed to produce sufficient evidence that she worked more than 40 hours during any week as a matter of just and reasonable inference, Magistrate Judge Johnson appropriately found that:

- Kirk's email list, which Kirk submitted as purported evidence of hours worked, reflected total numbers of hours for each set of consecutive days that "did not even come close to forty hours, a weekly prerequisite for working overtime" and that Kirk admitted that "knowing when the first and last emails were sent would not account for breaks, lunch, doctor appointments, and any other periods when she was not working during the day." See id. at 16–17.

---

[3] *Johnson* does not even apply the *Mt. Clemens* standard, which Kirk argues applies here. *See generally Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903 (E.D. La. 2009). *Moran*, a Sixth Circuit decision, is not binding in the Fifth Circuit. *See generally Moran v. Al Basit LLC*, 788 F.3d 201 (6th Cir. 2015).

8

- The GPS timelines "hardly suggest that [Kirk] worked more than forty hours in any given week" and that given that the email lists and GPS timelines cover only 9 out of 185 weeks Kirk claims are relevant, "[n]o reasonable jury could draw the conclusion from this evidence that [Kirk] worked sixty hours per week on average." *See id.* at 16–17.

- Nancy Kirk's deposition testimony "lacks the specificity necessary to determine when those hours [i.e., hours Kirk worked outside of normal business hours and away from the office] may have put her over forty hours in any given week" and "[t]o extrapolate that [Kirk] worked any overtime, much less twenty hours of overtime per week, from Nancy's testimony is purely to speculate." *See id.* at 19.

This purported evidence fails show that Kirk worked more than 40 hours in any week. It also fails to substantiate Kirk's own speculative testimony that she worked more than 40 hours in any given week, even as a matter of just and reasonable inference. Indeed, Magistrate Judge Johnson noted specifically with respect to the email list and GPS timelines that "[n]o reasonable jury could draw the conclusion from this evidence that [Kirk] worked 60 hours per week on average" and further concluded that Kirk's "snapshots of hours worked on a few days and her mother's observations of [Kirk] on unspecified evenings and mornings does not lead to a just and reasonable inference that [Kirk] worked more than forty hours during any week of her employment."[4] *See id.* at 17, 19. Magistrate Judge Johnson's conclusions and Recommendation are correct and supported by ample caselaw.[5] Accordingly, Kirk's objections should be overruled.

---

[4] Magistrate Judge Johnson also correctly noted that Kirk was "unable even to verify the accuracy of the few sixty-plus-hour weeks (nine out of 112) that she did report" and that Kirk "did not submit her calendar or any evidence of hours worked based on documentation in her calendar." *See* Dkt. 60 at 12, 14.

[5] *See Fairchild*, 815 F.3d at 965 (noting that employee must "prove that she had in fact worked overtime during this period and had not been paid for it" and noting that employer's mere access to information plaintiff claimed showed evidence of hours worked was insufficient for imputing constructive knowledge to employer of hours allegedly worked); *Ihegword*, 555 F. App'x at 375 (applying *Mt. Clemens* standard and affirming summary judgment for employer, noting the record lacked any evidence, other than the employee's "unsubstantiated assertions speculated from memory, to prove that she actually worked overtime for which she was not compensated" and noting plaintiff's deposition testimony that she "claimed not to remember how often she worked overtime and that on the days she remembers working overtime, it could have been 'three or two or one' hours"); *Dixon v. First Choice Messengers, Inc.*, No. 4:14-cv-2895, 2016 U.S. Dist. LEXIS 24728, at *7–9 (S.D. Tex. 29, 2016) (applying *Mt. Clemens* standard and granting summary judgment for employer where employee produced no evidence of "when her

9

**D.    Kirk's ancillary requests should be denied because they are untimely attempts to get another bite at the apple that are inappropriate at this stage.**

As a preliminary matter, Kirk's requests (1) for additional discovery at this stage in the proceeding; (2) to "re-assert" her arguments regarding the production of login records and order Invesco to produce login records at its expense; (3) credit her estimate of time worked as a result of Invesco's alleged failure to comply with a court order; and (4) request for sanctions should be ignored, as her requests do not constitute objections to Magistrate Judge Johnson's Recommendation and are therefore improper. *See* FED. R. CIV. P. 72(b) (allowing a party to "serve and file specific written objections <u>to the proposed findings and recommendations</u>" within 14 days and allowing the district judge to resolve "any part of the magistrate judge's disposition that has been properly objected to") (emphasis added). Magistrate Judge Johnson's Recommendation states no findings or conclusions on these issues. Kirk's requests here should be denied for that reason alone.

Kirk's request for additional discovery is also untimely given her delay in making that request and should not be entertained here. If Kirk desired additional discovery before the court recommended granting Invesco's motion for summary judgment and denying Kirk's, Kirk could have moved to reopen the discovery period or to late-file additional evidence in the summary judgment record.[6] Kirk did neither. In fact, in early May 2016, two weeks before the final pretrial conference, Kirk indicated she was opposed to Invesco's request to postpone any

---

purported hours were worked or regarding the nature and extent of the work she performed during the hours alleged, apart from her *own* unsubstantiated guesswork" and reasoning that "unsubstantiated and speculative estimates of uncompensated overtime," like plaintiff's assertion in her declaration that she worked an estimated 15 hours of unpaid overtime per week, "do not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference"); *Oti v. Green Oaks SCC, LLC*, No. 4:13-cv-816-A, 2015 U.S. Dist. LEXIS 8629, at *7 (N.D. Tex. Jan. 23, 2015) (applying *Mt. Clemens* standard and granting summary judgment for employer where apart from employee's "admitted guess as to how many overtime hours she worked," employee "produced no factual allegations as to when those hours were worked, what work was accomplished, or for how many hours she was not paid").

[6] Invesco is not conceding that it would have agreed to either or that either is appropriate but is simply pointing out Kirk could have petitioned for additional discovery before Magistrate Judge Johnson entered her Recommendation.

10

remaining deadlines in the case. Not until Magistrate Judge Johnson entered her Recommendation did Kirk state that she had any objection to the discovery produced by Invesco. Additionally, Kirk's claim that she intended to fully utilize the rest of her "other evidence" at trial does not relieve her of her burden at the summary judgment stage and does not justify awarding her more time "to present additional evidence to support her position on overtime hours worked. Kirk's request for additional discovery is untimely and should therefore be denied.

1. <u>Kirk's re-urged request for login data should be denied.</u>

In any event, with respect to Kirk's request concerning login data, she was not barred or "prohibited from obtaining all login data of when she accessed [Invesco's] computers/network." *See* Dkt. 64 at 11. On January 7, 2016, the granted Kirk's Motion to Compel and ordered Invesco to produce, among other things, "[r]ecords showing when [Kirk] may have logged onto her work computer and/or an Invesco computer from March 31, 2012 onward" at Kirk's expense. *See* Dkt. 41. Kirk never objected to the court's January 7, 2016 order and, instead, on February 2, 2016, filed a motion for reconsideration. *See* Dkt. 45. Invesco responded to Kirk's motion and provided evidence as to the cost of obtaining the data Kirk sought. *See* Dkt. 49. Kirk never offered evidence showing that Invesco's cost estimate was inaccurate. Magistrate Judge Johnson denied Kirk's motion for reconsideration on February 11, 2016.[7] *See* Dkt. 52. Additionally, Kirk fails to mention that the evidence at the hearing showed that Invesco does not retain any log off information and therefore, this would not show when Kirk was working. Moreover, Kirk's login data will not show time she was actually working. *See* Dkt 43-2 at 218:3–7 (Kirk testifying that computer logs will not show break times).

---

[7] Additionally, contrary to Kirk's allegation, Invesco has preserved information relevant to the parties' claims and defenses in this lawsuit.

11

Kirk's attempt to "re-assert those arguments" and her request that the Court order Invesco to produce login records at Invesco's expense should be denied. Kirk never properly served and filed objections to Magistrate Judge Johnson's January 7, 2016 order as required by Rule 72(a). *See* FED. R. CIV. P. 72(a) (noting that a party may object to a magistrate judge's order within 14 days after being served a copy and stating that a "party may not assign as error a defect in the order not timely objected to"). Even if Kirk considers her Motion for Reconsideration an "objection" under Rule 72, it was untimely, as it was filed 26 days after January 7, 2016, the day the order was entered. *See* Dkt. 45. Additionally, Kirk never objected to Magistrate Judge Johnson's February 11, 2016 order denying her Motion for Reconsideration. Kirk's request at this stage is untimely and should therefore be denied. Additionally, Magistrate Judge Johnson's denial of Kirk's Motion for Reconsideration in no way supports a finding that Kirk has met her burden of proof to provide evidence of overtime worked, and nothing supports Kirk's contention that she can rely on her testimony alone.

    2.    <u>Invesco complied with Magistrate Judge Johnson's order concerning Kirk's computer, and the form of Kirk's computer Invesco produced does not require refusing to adopt Magistrate Judge Johnson's Recommendation.</u>

Kirk's request to credit her estimate of time worked as a result of Invesco's alleged violation of a court order or, alternatively, to require Invesco to produce all login info at its own expense, should also be ignored and denied.[8] Invesco has not violated Magistrate Judge

---

[8] Kirk cites *Miller v. Team Go Figure* in support of her argument that her estimate of time worked should be credited as a result of Invesco's alleged failure to comply with Magistrate Judge Johnson's order. *See* Dkt. 64 at 4. *Miller*, however, is distinguishable. There, it was undisputed that the defendant "failed to produce documents which would have allowed Plaintiffs to prove their damages in a more definite and certain manner," the defendant did not dispute the magistrate judge's finding that it failed to produce the universe of documents plaintiffs contended would have allowed them to gather more data to assist in providing evidence of overtime hours worked, and the plaintiffs offered "their own affidavits, <u>in addition to other evidence</u>" in support of their claim that they worked overtime. *See Miller v. Team Go Figure, L.L.P.*, No. 3:13-cv-1509-O, 2014 U.S. Dist. LEXIS 65425, at *47–48 (N.D. Tex. May 13, 2014) (emphasis added). Invesco strongly disputes that it violated any court order and that it failed to produce any responsive documents or materials it was ordered to produce, and Kirk has produced no evidence showing she worked more than 40 hours in any week.

12

Johnson's order to produce Kirk's Invesco computer. At the February 11 hearing, Magistrate Judge Johnson ordered Invesco to produce Kirk's computer or an image thereof without specifying a particular type of image.[9] On March 30, 2016, Invesco sent Kirk a "working" image of Kirk's computer containing login information, albeit limited. Even assuming *arguendo* that the drive is missing "primary default user data storage folders" and "the majority of system/registry files commonly examined during device forensic analyses," this does not establish that Invesco violated any order, as Magistrate Judge Johnson did not order that the computer or image be produced in any specific form or that those specific items be included in the image. *See* Dkt. 64 at 3–4. Further, although Kirk contends the image provided does not contain those items, she state that the image lacks login information and there is no allegation that there was login information that was contained on the hard drive there is missing. *See id.*

Further, any login records found on Kirk's computer (or image thereof) would not change the fact that Kirk failed to meet her burden at the summary judgment stage of producing evidence of overtime worked as a matter of just and reasonable inference, as Kirk claims here only that she "anticipated utilizing the information expected to be on the drive during trial." *See* Dkt. 64 at 3 (emphasis added). Indeed, Kirk apparently did not even produce the drive to her forensic expert until May 9, 2016—5 days after Magistrate Judge Johnson issued her Recommendation on the parties' summary judgment motions. *See* Dkt. 64-2 ¶ 3. Additionally, Kirk never raised any concerns with Invesco regarding the type of image Invesco provided or the contents thereof until filing her objections to Magistrate Judge Johnson's Recommendation. Kirk's requests (including her request for sanctions) based on Invesco's alleged failure to comply with Magistrate Judge Johnson's order should therefore be denied.

---

[9] Magistrate Judge Johnson did not provide a date by which the computer or image was to be produced.

13

E.  **Kirk's "additional specific objections" should be overruled.**

Magistrate Judge Johnson's finding that Kirk stopped submitting time sheets for the time period following the week of June 7, 2015, is correct. Deposition testimony in the summary judgment record supports this finding. *See* Dkt. 60 at 13, n.32. Kirk's objection should be overruled.

Nothing prohibits Magistrate Judge Johnson from finding that "nothing rules out that [Kirk] adjusted the hours she worked on other days to compensate for early morning, evening, or weekend hours worked." *See* Dkt. 60 at 16. Kirk presented no evidence at the summary judgment stage to preclude Magistrate Judge Johnson from making that finding. Kirk's objection should be overruled.

Magistrate Judge Johnson's finding that the time records were inaccurate by Kirk's "own doing" is supported by Kirk's own deposition testimony, as appropriately noted by Magistrate Judge Johnson in her Recommendation. As Magistrate Judge Johnson appropriately noted, Kirk testified that she "just randomly" input how many hours she worked. *See* Dkt. 60 at 11. And even if David Jordan told Kirk that it did not matter what she put in the time sheets, Kirk has presented no evidence showing that Jordan instructed her to input inaccurate information or that she was prevented from inputting accurate information. Additionally, this conclusion certainly is relevant at the summary judgment stage, as Fifth Circuit precedent establishes that an employee "cannot prevail on an FLSA overtime claim if that 'employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work.'" *See Fairchild*, 815 F.3d at 964 (quoting *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005)). Kirk's objection should be overruled.

## V.
## CONCLUSION

Magistrate Judge Johnson correctly concluded that no fact issues exist precluding summary judgment for Invesco. Kirk raises no legitimate objections to Magistrate Judge Johnson's Memorandum and Recommendation. Kirk's objections should be overruled. Invesco respectfully asks the Court to adopt Magistrate Judge Johnson's Memorandum and Recommendation and dismiss this action with prejudice. Invesco further request any other relief, legal or equitable, to which it is entitled.

May 26, 2016                                             Respectfully submitted,

/s/ Yvette V. Gatling
Yvette V. Gatling (Attorney in Charge)
TX State Bar No. 24007231
Federal ID No. 24321
ygatling@littler.com
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.456.2481 (Facsimile)

ATTORNEYS FOR DEFENDANT INVESCO LTD.

OF COUNSEL

Jonathan Sprague
TX State Bar No. 24075113
Federal ID No. 1132053
jsprague@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

## CERTIFICATE OF SERVICE

I certify that on May 26, 2016, a true and correct copy of the foregoing instrument was served upon all counsel of record by electronic notification of the court's filing system, addressed as follows:

Nitin Sud
6750 West Loop South
Suite 920
Bellaire, Texas 77401
nsud@sudemploymentlaw.com

ATTORNEY FOR PLAINTIFF

/s/ Yvette V. Gatling
Yvette V. Gatling