# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL KIRK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-833 |
| | § | |
| INVESCO, LTD., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Pending before the court is the Magistrate Judge's Memorandum and Recommendation (the "M&R") (Dkt. 60), recommending that plaintiff Cheryl Kirk's ("Kirk") motion for partial summary judgment (Dkt. 38) be denied and that defendant Invesco, Ltd.'s ("Invesco") motion for summary judgment (Dkt. 43) be granted. Kirk filed objections to the M&R. Dkt. 64. Having reviewed the M&R, the objections to the M&R, the related briefing, the record evidence, and the applicable law, the court OVERRULES Kirk's objections and ADOPTS the M&R.

## I. BACKGROUND

On March 31, 2015, Kirk filed this lawsuit against her then-employer Invesco to collect unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Dkt. 1. Kirk began working for Invesco on a contract basis in September of 2010 and was later hired as an employee on April 15, 2011. *Id.* at 2. During her employment, Kirk held the position of "IT Training Manager." *Id.* at 3. Invesco classified Kirk as exempt from the FLSA's overtime pay requirements and paid her a fixed weekly salary. *Id.* at 5. As a result, Kirk received no additional compensation for the hours she worked in excess of forty in a given week. *Id.* Kirk alleges that she worked approximately sixty hours per week. *Id.* at 4. Kirk contends that Invesco willfully mis-classified her

as an exempt employee in violation of the FLSA and therefore is obligated to compensate her for the overtime hours she worked in the three years prior to filing this lawsuit. *Id.* at 5–6.

On October 28, 2015, the court referred this case to the Magistrate Judge for full pretrial management. Dkt. 21. On December 28, 2015, Kirk filed a motion for partial summary judgment. Dkt. 38. On January 21, 2016, Invesco also filed a motion for summary judgment. Dkt. 43.

On May 4, 2016, the Magistrate Judge issued the M&R regarding the parties' motions for summary judgment. Dkt. 60. Although the parties' motions raised several issues, the M&R addressed a single point: whether Kirk had produced sufficient evidence to establish that she worked more than forty hours per week. *Id.* at 4–5. The Magistrate Judge held that Kirk failed to produce sufficient, competent evidence to raise a fact issue regarding whether she ever worked more than forty hours in any week of her employment. *Id.* at 4–5, 19. The Magistrate Judge therefore recommended granting Invesco's motion for summary judgment. *Id.* at 19. Because the Magistrate Judge found that Kirk could not prove that she worked overtime hours, the Magistrate Judge did not decide whether Kirk was properly classified as an exempt employee under the FLSA. *Id.* at 4–5.

On May 13, 2016, Kirk filed objections to the M&R. Dkt. 64. On May 26, 2016, Invesco responded. Dkt. 67. On May 31, 2016, Kirk filed a reply in support of her objections. Dkt. 68.

## II. LEGAL STANDARDS

### A.    Motion for Summary Judgment

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material

fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

**B.    Review of a Magistrate Judge's Recommendation**

For dispositive matters, the court "determine[s] de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). For nondispositive matters, the court may set aside the magistrate's order only to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

**III.  ANALYSIS**

Kirk has filed objections regarding (a) certain discovery rulings made by the Magistrate Judge and (b) the Magistrate Judge's substantive holding that Kirk presented insufficient evidence that she worked overtime hours. Dkt. 64. The court will address each set of objections in turn.

**A.    Discovery Issues**

**1.    Log In Records**

On December 9, 2015, Kirk filed a motion to compel, seeking records regarding when she logged into Invesco's network or computers. Dkt. 36. On January 7, 2016, the Magistrate Judge granted Kirk's motion but required the documents to be produced at Kirk's expense. Dkt. 41. On

February 2, 2016, Kirk filed a motion for reconsideration of the Magistrate Judge's order after Invesco indicated that it would cost over $1.13 million to produce these documents. Dkt. 45. Kirk asked that Invesco be required to produce these documents at its own expense. *Id.* On February 11, 2016, the Magistrate Judge heard oral argument on the motion for reconsideration. Dkt. 52. At the hearing, counsel for Invesco emphasized that, while Invesco kept records of when a person logged into their system, it kept no records of when a person logged out. Dkt. 65 at 8–9. The Magistrate Judge noted that the relevance of documents showing when Kirk logged into Invesco's system was significantly diluted by the fact that there were no records of when she logged out. *Id.* at 9. Accordingly, the Magistrate Judge found that the relevance of the log in documents was not proportional to the $1.13 million cost of production and denied Kirk's motion for reconsideration. *Id.* at 12.

In Kirk's objections, Kirk re-asserts the arguments she made in front of the Magistrate Judge and requests that the court order Invesco to produce all of Kirk's log in records. Dkt. 64 at 3. Federal Rule of Civil Procedure 72 requires that a party object to a magistrate judge's order on a nondispositive matter within 14 days. Fed. R. Civ. P. 72(a). A party "may not assign as error a defect in the order not timely objected to." *Id.* Kirk's objections were filed over three months after the Magistrate Judge denied Kirk's motion for reconsideration. Therefore, Kirk failed to timely object to the Magistrate Judge's holding. Further, the court agrees with the Magistrate Judge's determination that information regarding when Kirk logged into Invesco's system, without any corresponding information regarding when Kirk logged out of the system, is not sufficiently probative to justify the $1.13 million cost of production. Kirk's objection is OVERRULED.

### 2.  Computer Image

At the February 11, 2016 hearing on Kirk's motion for reconsideration, the following exchange occurred:

> [KIRK]:  Your Honor, can I ask about - - I still don't know what happens to her work computer.  Can I be permitted to get her work computer that she utilized at work and - - because I think that's separate than a backup tape.
> [THE MAGISTRATE JUDGE]:  I would agree, but a lot of times companies - - you know, someone's out the door, they wipe the computer.  Do you still have her computer in an unwiped state?
> [INVESCO]:  I believe they have an image of it.
> [THE MAGISTRATE JUDGE]:  Okay.  Then give it to [Kirk].

Dkt. 65 at 12.  On March 30, 2016, Invesco produced an image of Kirk's computer.  Dkt. 64 at 3. Kirk objects that the image Invesco produced violates the Magistrate Judge's order because it was not a "true image" of Kirk's computer.  *Id.*  The image apparently contained a "series of folders" but was missing "primary default user data storage folders" and "the majority of system/registry files commonly examined during device forensic analyses."  *Id.* at 4.

The exchange at the February 11, 2016 hearing merely indicates that Invesco had an image of Kirk's computer and would be required to produce it.  There was no discussion regarding what information that image contained.  Further, the Magistrate Judge made no ruling regarding how the image should be produced or what information she expected would appear on the image.  Therefore, the court has no basis to conclude that the image produced by Invesco failed to comply with the Magistrate Judge's order.  Further, the court notes that Kirk did not attempt to inform the Magistrate Judge that her discovery order had allegedly been violated.  Rather, Kirk raised the issue for the first time as an objection to the M&R.  Kirk's objection is OVERRULED.

### B.  Evidence of Overtime Hours

Kirk objects to the Magistrate Judge's conclusion that Kirk has produced insufficient

evidence at the summary judgment stage to establish that she ever worked more than forty hours in a week.  Kirk primarily contends that (1) the M&R is inconsistent with Supreme Court precedent set forth in *Anderson v. Mt. Clemens Pottery Co.*; (2) the M&R improperly finds that Kirk's testimony is insufficient evidence to support her allegations that she worked overtime hours; and (3) even if Kirk's testimony is insufficient on its own, Kirk's testimony is effectively substantiated by her emails, her GPS phone records, and her mother's testimony.  Dkt. 64 at 2.

### 1.    *Anderson v. Mt Clements Pottery Co.*

Kirk argues that the Magistrate Judge misapplied *Anderson v. Mt. Clemens Pottery Co.* by improperly placing the burden on Kirk to prove the precise extent of her uncompensated work. Dkt. 64 at 5–7.  In *Anderson*, the Court explained the legal framework applicable to claims for unpaid overtime compensation under the FLSA:

> An employee who brings suit under § 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated.  The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under § 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof.

> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep

6

proper records in conformity with his statutory duty; it would allow
the employer to keep the benefits of an employee's labors without
paying due compensation as contemplated by the Fair Labor
Standards Act. In such a situation we hold that an employee has
carried out his burden if he proves that he has in fact performed work
for which he was improperly compensated and if he produces
sufficient evidence to show the amount and extent of that work as a
matter of just and reasonable inference. The burden then shifts to the
employer to come forward with evidence of the precise amount of
work performed or with evidence to negative the reasonableness of
the inference to be drawn from the employee's evidence. If the
employer fails to produce such evidence, the court may then award
damages to the employee, even though the result be only
approximate.

328 U.S. 680, 686–88, 66 S. Ct. 1187 (1946), *superseded by statute on other grounds*, Portal-to-

Portal Act of 1947, Pub. L. No. 80-49, 61 Stat. 84, *as recognized in Integrity Staffing Sols., Inc. v.*

*Busk*, 135 S. Ct. 513 (2014).  In following the *Anderson* framework, the court must first determine

whether Invesco  kept "proper and accurate records" of Kirk's hours.  The Magistrate Judge found

that Invesco's records were inadequate and inaccurate. Dkt. 60 at 10–12.  Kirk testified that her

supervisor had told her that the time she recorded in Invesco's system did not matter because she was

not being paid by the hour. Dkt. 48, Ex. 20 at 210.  Therefore, Kirk testified that she "just randomly"

put her hours into the system.  *Id.*  Kirk explained that the system was "not a true, you know,

recording of anybody's hours . . . this is simply just to track how much is - - hours are spent on

projects.  It's not meant to pay anybody." *Id.* at 211.  Further, she stated that, by inputting her time

into the system, she was just "filling in numbers to make sure that management doesn't get on a

report.  Doesn't have anything to do with how many hours I'm actually working." *Id.* at 212.  Kirk's

testimony leaves no question that the Magistrate Judge correctly determined that Invesco's records

were inaccurate or inadequate.  Further, the court notes that the Magistrate Judge's conclusion on

this issue is consistent with Kirk's litigation position.  *See* Dkt. 48 at 10 (Kirk's brief) (arguing that

Kirk's testimony provided evidence that Invesco's records were inaccurate or inadequate).

Under *Anderson*, where the employer's records are inaccurate or inadequate, the employee then has the burden to " produce[ ] sufficient evidence to show the amount and extent of [her] work as a matter of just and reasonable inference."  328 U.S. at 687.  Kirk is correct that this standard explicitly does not require her to prove "the precise extent of uncompensated work."  *Id.*  However, at no point did the Magistrate Judge require Kirk to prove the precise extent of her uncompensated work.  Rather, consistent with *Anderson*, the Magistrate Judge explicitly found that Kirk had failed to meet her burden to produce sufficient evidence to raise a "just and reasonable inference" that she worked more than forty hours during any week of her employment.  Dkt. 60 at 19.  Because the Magistrate Judge found that Kirk failed to meet her burden, the Magistrate Judge's *Anderson* analysis was complete, and the burden  did not shift to Invesco.  *See Ihegword v. Harris Cty. Hosp. Dist.*, 555 F. App'x 372, 374 (5th Cir. 2014) (explaining that the employee bears the initial  burden to produce sufficient evidence that she has performed work for which she was not compensated).  The court finds nothing in the M&R that deviates from the standard set forth in *Anderson*.  Accordingly, Kirk's objection is OVERRULED.  The court will address the sufficiency of Kirk's overtime evidence separately below.

### 2.    The Sufficiency of Kirk's Testimony

Kirk argues that the Magistrate Judge incorrectly found that Kirk's testimony was insufficient to establish that she worked overtime hours.  Dkt. 64 at 7–9.  Kirk contends that, in an FLSA misclassification case, an employee's mere testimony of overtime hours worked is sufficient evidence to defeat an employer's motion for summary judgment.  *Id.* at 9.  In support of this position, Kirk relies primarily on two, non-binding district court cases.  *See  Clark v. Centene Co. of Tex., L.P.*, 104 F. Supp. 3d 813 (W.D. Tex. 2015); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903 (E.D. La. 2009).  Even assuming that these opinions stand for the proposition that an employee's

unsubstantiated testimony is sufficient evidence to survive summary judgment, the court finds that the weight of authority does not support this position.

In *Ihegword*, plaintiff sued defendant for failure to pay overtime wages in violation of the FLSA.   555 F. App'x at 373.   Plaintiff "estimate[d] from memory alone that she worked approximately twelve hours of uncompensated overtime a week."   *Id.* at 374.   The district court found that there was a "complete lack of evidence, other than [plaintiff's] unsubstantiated assertions speculated from memory, to prove that she actually worked overtime for which she was not compensated."   *Id.* at 375.   Therefore, the district court granted summary judgment to defendant. *Id.*   On appeal, the Fifth Circuit affirmed and explicitly agreed with the district court's holding that "an unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference."   *Id.*   Other courts have similarly held that a plaintiff's unsubstantiated assertion that she worked overtime hours is insufficient to satisfy her evidentiary burden at the summary judgment stage.   *See  Dixon v. First Choice Messengers, Inc.*, No. 4:14-CV-02895, 2016 WL 774680, at *3 (S.D. Tex. Feb. 29, 2016) (Hoyt, J.) (holding that plaintiff's "own unsubstantiated assertions that she worked an estimated fifteen hours of unpaid overtime per week" were insufficient to raise a genuine issue of material fact for trial); *Oti v. Green Oaks SCC, LLC*, No. 4:13-CV-816-A, 2015 WL 329216, at *3 (N.D. Tex. Jan. 23, 2015) (granting summary judgment to defendant on plaintiff's FLSA claim where plaintiff relied solely on her "admitted guess as to how many overtime hours she worked"). Accordingly, the court finds that Kirk's testimony that she worked sixty hours per week, unless properly substantiated by other evidence, is insufficient to establish that she performed overtime work for which she was not compensated.   Kirk's objection is OVERRULED.

### 3.     Kirk's Additional Evidence

Kirk objects that, even if her testimony alone is insufficient to avoid summary judgment, she presented other evidence that properly substantiates her testimony.  Dkt. 64 at 10–11.  Specifically, Kirk submitted (1) a list of the dates and times when she sent emails, (2) GPS phone records, indicating her location during particular days, and (3) her mother's deposition testimony.  The Magistrate Judge found that this evidence was insufficient to substantiate Kirk's testimony.  Dkt. 60 at 14–17.  The court agrees.

*Email Records.*  Kirk's email records show that she was working at certain particular moments.  *See* Dkt. 48, Ex. 25.  However, the fact that Kirk sent emails at particular times does not raise a just and reasonable inference that Kirk worked more than forty hours in any given week.  In fact, in reviewing Kirk's email records, the Magistrate Judge found that the records could support no more than seventeen hours of work in any particular week.

*GPS Phone Records.*  Kirk submitted GPS phone records, showing her location throughout the day, on four days: December 9, 2013; April 21, 2014; September 11, 2014; March 10, 2015.  Dkt. 48, Ex. 26.  These records suggest that Kirk was at work for particularly long periods on these four days.  However, as the Magistrate Judge pointed out, none of these four days is in the same week.  Therefore, the records do not support an inference regarding whether Kirk worked over forty hours in those weeks.

*Kirk's Mother's Deposition.*  Kirk's mother testified that she periodically saw Kirk working "on and off" during evening hours and witnessed Kirk making phone calls in the early morning.  Dkt. 48, Ex. 27 at 19–20, 39.  She further testified that Kirk had not told her how many hours per week she worked on average.  *Id.* at 21.  Kirk's mother could recall only "four or five times" where she saw Invesco work on Kirk's computer.  Dkt. 55, Ex. 3 at 38.  The court agrees with the

Magistrate Judge that, although this testimony indicates that Kirk occasionally worked from home beyond normal business hours, it is not sufficiently specific to allow the court to infer that Kirk worked over forty hours in any given week.

The court finds that Kirk's additional evidence is insufficient to substantiate her testimony that she worked overtime hours.  Kirk's objection is OVERRULED.

On a de novo review of the record, the court finds that Kirk has failed to produce sufficient evidence to raise a just and reasonable inference that she performed work for which she was not properly compensated.  The court finds that Kirk's objections to the M&R are without merit.  Accordingly, Kirk's objections are OVERRULED and the M&R is ADOPTED IN FULL.

## IV. CONCLUSION

Kirk's objections (Dkt. 64) are OVERRULED, and the M&R (Dkt. 60) is ADOPTED IN FULL.  Kirk's motion for partial summary judgment (Dkt. 38) is DENIED.  Invesco's motion for summary judgment (Dkt. 43) is GRANTED.  Kirk's claims are DISMISSED WITH PREJUDICE.  A final judgment will issue consistent with this opinion.

Signed at Houston, Texas on August 18, 2016.

Gray H. Miller
United States District Judge

11