United States District Court
Southern District of Texas
**ENTERED**
March 22, 2017
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHERYL KIRK, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-833 |
| | § | |
| INVESCO, LTD, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is defendant Invesco, LTD's ("Invesco") bill of costs. Dkt. 72. Having reviewed the bill of costs, objections, related documents in the record, and the applicable law, the court is of the opinion that plaintiff Cheryl Kirk's objections to Invesco's bill of costs should be SUSTAINED IN PART and OVERRULED IN PART.

## I. BACKGROUND

On August 18, 2016, the court granted summary judgment in favor of Invesco. Dkt. 72 Invesco seeks to recover $8,869.22 in costs. *Id.* Invesco seeks $3,136.15 in costs for written deposition transcripts, $2,840.00 in costs for video depositions, $2,880.47 in costs for Pathway Forensics, and $12.60 for a copy of the hearing transcript. *Id.*

Kirk objects to $7,030.77 of the costs that Invesco requested. Dkt. 74. Specifically, Kirk objects to $1,310.30 of the $3,136.15 requested for written deposition transcripts because Invesco deposed two witnesses multiple times. *Id.* Kirk also objects to all of the costs for video depositions, totaling $2,840.00, arguing that Invesco did not explain why it was necessary for them to record the depositions on video. *Id.* Kirk further objects to $2,880.47 in costs for Pathway Forensics because

this type of cost is not recoverable under 28 U.S.C. § 1920.  *Id.*  Finally, Kirk does not object to the

$12.60 requested for the hearing transcript.  *Id.*

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, [the Federal Rules

of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should

be allowed to the prevailing party."  FED. R. CIV. P. 54(d).  Absent objections, the clerk may tax the

costs 14 days after the prevailing party notifies the clerk of its costs.  *Id.*  Under 28 U.S.C. § 1920,

the judge or clerk may tax the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under [28 U.S.C. § 1923];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920.  A district court may decline to award costs listed in the statute, but may not award

costs omitted from the list.  *Cook Children's Med. Ctr. v. New Eng. PPO Plan*, 491 F.3d 266, 274

(5th Cir. 2007).  Expenses not authorized by the statute or a contract must be borne by the party

incurring them.  *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2011) (Lake,

J.) (citing *Crawford Fitting Co. v. J.T. Gibbobs, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494 (1987)).

If the party being taxed does not specifically object to a cost, there is a presumption that the

cost was necessarily incurred for use in the case and will be taxed.  *Id.*  "However, once an objection

has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily

incurred in the case."  *Id.* (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)).

2

### III. ANALYSIS

Invesco requests costs for written deposition transcripts, video transcripts, Pathway Forensics, and a copy of the hearing transcript.  Dkt. 73, Ex. A.  Kirk objects to costs for two of the written deposition transcripts, all of the video depositions, and Pathway Forensics.  Dkt. 74.  The court will address each of Kirk's objections *in seriatim*.

### A.       Written Deposition Transcripts

Invesco requests $3,136.15 in costs for written deposition transcripts of four witnesses. Dkt. 72.  Kirk objects to the costs for written deposition transcripts of two witnesses, Lisa Soanes and David Jordan, totaling $1,310.30.  Dkt. 74.  Kirk alleges that both witnesses were deposed twice and that it was unnecessary to take multiple depositions of the same witnesses.  *Id.*  Kirk alleges that taking multiple depositions of the same witnesses resulted in more expensive and time-consuming depositions.  *Id.*  Furthermore, Kirk asserts that Invesco obstructed Soanes's first deposition. Dkt. 35, Ex. 1.  In the alternative, Kirk argues that Invesco should be limited to recovering costs for only one of Jordan's written deposition transcripts.  Dkt. 74.

On November 3, 2015, Kirk filed a Motion to Compel and Motion for Sanctions alleging that Invesco's counsel obstructed Soanes's first deposition.  Dkt. 26.  Per the court's November 18, 2015 order, Magistrate Judge Nancy Johnson granted Kirk's motion to compel with instructions for Soanes's second deposition scheduled for December 3, 2015.  Dkt. 35.  The court ordered that the defendant would be bound by Soanes's answers with respect to any topics identified in the September 30, 2015 deposition notice, Soanes would be required to answer any and all questions unless otherwise objectionable, and Soanes would be required to review and answer questions about documents presented during the deposition.  *Id.*  Because the court previously addressed the issue

3

of Invesco obstructing Soanes's first deposition in its November 18, 2015 order, the court need need

not address Kirk's argument that Invesco obstructed an earlier deposition.

Costs may be recovered by the prevailing party for written deposition transcripts where those

transcripts were "necessarily obtained for use in the case and not merely for the convenience of the

attorneys." *Favata v. National Oilwell Varco, LP*, No. 2:12-cv-82, 2014 WL 5822781, at *3 (S.D.

Tex. Nov. 10, 2014) (Ramos, J.) (citing *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir.

1981)).  It is generally recognized that the basic costs of an original written deposition transcript can

be recovered by the prevailing party.  *Id.*  "Defendants might reasonably need the written transcript

to submit page/line deposition references when impeaching witnesses[,] . . . for *Daubert* motions,

motions in limine, and motions to strike evidence, as reflected by the record . . . ." *Petri v. Kestrel*

*Oil & Gas Props., L.P.*, No. CIV.A. H-09-3994, 2013 WL 265973, at *8 (S.D. Tex. Jan. 17, 2013)

(Harmon, J).  Invesco seeks to recover the costs of the written deposition transcripts for all witnesses

deposed.  Dkt. 72.  The court finds it reasonable for Invesco to obtain written deposition transcripts

for all witnesses deposed in the case.  Accordingly, Kirk's objection to $1,310.30 of the costs for

deposition transcripts is OVERRULED.  The clerk shall tax $3,136.15 in costs for written deposition

transcripts.

### B.    Video Depositions

Invesco requests $2,840.00 in costs for video recordings of four witness depositions.  Dkt. 72.

Kirk objects to these costs because Invesco did not explain why it was necessary for video

depositions to be taken.  Dkt. 74.  The Fifth Circuit recognizes "the cost of taking video depositions

may be awarded if shown to be necessary for use in the case under § 1920(2)." *United States ex rel.*

*Long v. GSDMIdea City, LLC*, 807 F.3d 125, 130 (5th Cir. 2015).  For a deposition to be

"necessarily obtained for use in the case," it need not be introduced into evidence at trial. *Baisden*,

793 F. Supp. 2d at 977 (citing *Fogleman*, 920 F.2d at 285).  If "a deposition could be reasonably expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party."  *Id; see also Rundus v. City of Dall., Tex.*, 634 F.3d 309, 316 (5th Cir. 2011) (citing *Fogleman*, 920 F.2d at 285) (interpreting the operative phrase—"necessarily obtained for use in the case"—to not include costs incurred "merely for discovery").  However, costs for video depositions are reasonably necessary and may be included in taxable costs if the video depositions are used during trial or for trial preparation.  *Baisden*, 793 F. Supp. 2d at 977.

Here, Invesco ordered a video recording of four depositions.  Dkt. 74.  To date, Invesco has not briefed the court on why it was necessary to take video depositions for any of the witnesses.  Once Kirk objects to the costs of the video depositions, Invesco has the burden of verifying that the costs of the video depositions were necessarily incurred in the case rather than merely for discovery or convenience of counsel.  *Baisden*, 793 F. Supp. 2d at 977.  The court finds that Invesco has not met its burden of showing that the video depositions were necessary.  Accordingly, Kirk's objection to all costs for video deposition, totaling $2,840.00, is SUSTAINED.

## C.     Pathway Forensics

Invesco requests $2,880.47 in costs for payments made to Pathway Forensics.  Dkt. 72.  Kirk objects that these costs are not authorized under a previous court order nor are they recoverable under 28 U.S.C. § 1920.  Dkt. 74.  On December 9, 2015, Kirk filed a motion to compel Invesco to produce all electronic information and documents showing when Kirk was logged onto her work computer.  Dkt. 36.  In a January 7, 2016 motion hearing with Judge Johnson, the court granted Kirk's request to compel Invesco to produce this information and ruled that Kirk should pay for the costs of such production.  Dkt. 41.  Invesco estimated that the cost to produce back-up tapes of Kirk's work computer would exceed $1.13 million.  Dkt. 45, Ex. A.  Kirk filed a motion for

5

reconsideration to call into question the high cost of producing the back-up tapes.  Dkt. 45.  In a February 11, 2016 motion hearing, Kirk requested the court reconsider shifting the costs of production from Kirk to Invesco.  Dkt. 65.  The court denied Kirk's motion for reconsideration, ruling that if Kirk wanted the back-up tapes produced, she would have to pay for them.  *Id.* at 12. Following Judge Johnson's ruling, Invesco's counsel stated that Invesco had an image of Kirk's work computer.  *Id.*  The court ordered Invesco to provide Kirk with the image of Kirk's work computer.  *Id.*  Invesco then used the services of a third-party company, Pathway Forensics, to obtain an image of Kirk's work computer.  Dkt. 74.

Kirk objects to the Pathway Forensics costs.  Dkt. 74.  Kirk alleges that Invesco unilaterally decided to hire Pathway Forensics to obtain the image of Kirk's work computer after Invesco represented to the court that it already had the image.  *Id.*  Kirk argues that the costs for Pathway Forensics are not covered by the court order, nor are they recoverable under 28 U.S.C. § 1920.  *Id.*

The prevailing party may obtain costs if so provided by a court order or a federal statute. FED. R. CIV. P. 54(d).  Invesco argues that the costs for Pathway Forensics are covered by the court order from January 7, 2016, requiring Kirk to pay for the cost of producing the back-up tapes. Dkt. 41, 72.  Kirk argues that Invesco made a false representation to the court during the February 11, 2016 motion hearing by stating that Invesco already had possession of an image of Kirk's work computer.  Dkt. 74.  Kirk explains that the instruction from Judge Johnson for Invesco to give Kirk the image of Kirk's work computer stemmed from the implication that Invesco already had the image in its possession.  *Id.*  Taking Invesco's statement to the court into consideration, the court finds that the costs for Pathway Forensics are not covered by the January 7, 2016 court order.

Furthermore, Kirk objects to the costs for Pathway Forensics because this type of cost is not recoverable under 28 U.S.C. § 1920.  Dkt. 74.  The court finds that the costs for Pathway Forensics

are not covered by 28 U.S.C. § 1920.  It is Congress's place, not the judiciary's, to expand the reach

of the statute to account for changing practices associated with electronic discovery.  Accordingly,

Kirk's objection to the cost for Pathway Forensics, totaling $2,880.47, is SUSTAINED.

### IV. Conclusion

Kirk's objections are SUSTAINED IN PART and OVERRULED IN PART as follows:

i.   The objection to $1,310.30 of the costs for deposition transcripts is OVERRULED.   The clerk shall tax **$3,136.15** in costs for deposition transcripts.

ii.   The objection to all video depositions costs, totaling $2,840.00, is SUSTAINED.

iii.   The objection to the cost for Pathway Forensics, totaling $2,880.47, is SUSTAINED.

Kirk does not object to the $12.60 cost  for a copy of the hearing transcript.  Accordingly, the

clerk shall tax costs of **$12.60** for the copy of the hearing transcript.

In total, after resolving all objections, the clerk shall tax costs of **$3,148.75** for the written

deposition and hearing transcripts.

Signed at Houston, Texas on March 22, 2017.

_____
Gray H. Miller
United States District Judge

7